IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FORWARD MOMENTUM, LLC, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 2:17-CV-346-WKW [WO] |
| TEAM HEALTH, INC., *et al.*, | ) ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Before the court is a motion for leave to intervene either as of right or permissively, filed by Mike Masiowski, M.D., for purposes of challenging the proposed class-action settlement agreement. (*See* Doc. # 105 (citing Fed. R. Civ. P. 24)).) The motion has been fully briefed and is opposed. (Docs. # 110, 113, 114.) For the reasons that follow, the motion is due to be denied.

In 2017, the named Plaintiffs—who are emergency room physicians—filed this action, alleging that Defendants improperly compensated them and members of the putative class for supervisory "relative value units" (RVUs) under their independent contractor or other employment agreements with Defendants. The parties engaged in extensive discovery, including the production of hundreds of thousands of defense documents and the taking of depositions of corporate representatives, experts, and third parties. (Doc. # 95-1, at 3.) After two mediations

and independent negotiations between the parties, the parties reached a proposed class-action settlement agreement. The court preliminarily approved the settlement agreement and set a fairness hearing on July 28, 2022, pending a decision on final approval of the agreement. (Doc. # 97.) Under the proposed agreement, class members can opt out of the settlement agreement and from the release of their claims, and class members who do not opt out can file objections to the agreement. (Doc. # 95-1, at 15.)

Dr. Masiowski has filed a motion to intervene. He has two principal concerns, first, that there was not an independent audit to confirm the number of RVUs owed to absent class members, and second, that the release is "overly expansive." (*See* Doc. # 105.) He seeks to intervene "for the specific purpose of engaging in further discovery regarding the quantity of Supervisory RVUs unpaid to emergency room physicians and narrowing the release to eliminate provisions that are unduly burdensome." (Doc. # 105-1, at 3–4.) He asserts, among other things, that his ability to protect his interests will be impaired if intervention is denied and that the class representatives and counsel cannot adequately protect his interests. As a member of the class, Dr. Masiowski also has filed a timely objection to the settlement agreement raising the same concerns. (Doc. # 106; see also Docs. # 109, 116.)

Plaintiffs and Defendants oppose Dr. Masiowski's motion to intervene. They argue that, as to the request for mandatory intervention, Dr. Masiowski has failed to

demonstrate "how his interest cannot be protected by simply opting out" or "how his interest is inadequately protected" because the class representatives and their counsel "have already performed most of the work and negotiation requested." (Doc. # 110, at 2, 4; Doc. # 113.)  They further argue that Dr. Masiowski's permissive intervention would "unduly prejudice and delay the rights of the original parties and non-objecting class members." (Doc. # 110, at 4; Doc. # 113.)

Based on the arguments and the record, intervention is not appropriate. Rule 24 establishes two types of intervention for those who timely ask: intervention of right and permissive intervention. *See* Fed. R. Civ. P. 24(a)–(b). As relevant here, under Rule 24(a), intervention of right is available to a person who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). By contrast, under Rule 24(b), a district court has discretion to grant permissive intervention if the person seeking to become a party has a "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). For permissive intervention, the court also "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Although the proposed intervenor's motion is timely and Dr. Masiowski has an interest in the settlement of the nationwide claims, the motion does not meet the intervention standards. First, under Rule 24(a)(2), the motion fails to show that intervention is necessary to protect Dr. Masiowski's interest. By the terms of the proposed settlement agreement, Dr. Masiowski did not have to be bound by the settlement agreement. He could have opted out, thus excluding himself from the agreement and the release, and thereafter could have pursued his own lawsuit on an individual basis.[1] (Doc. # 95-1, at 14 ¶ 10.) Instead, he has chosen to remain in this lawsuit where he has the right to object to the settlement agreement. (Doc. # 95-1, at 14 ¶ 11.) Dr. Masiowski has exercised that right, by obtaining counsel and by filing a timely objection voicing his concerns. He and his counsel also will be able to appear at the fairness hearing and object in person. *See McWhorter v. Ocwen Loan Servicing, LLC*, No. 2:15-CV-01831-MHH, 2019 WL 9171207, at *15 (N.D. Ala. Aug. 1, 2019) ("Intervention by right is not appropriate because Ms. Meriwether's rights are protected by her ability to "either 'opt out of the class and litigate separately' or stay in the case and object to the settlement." (alterations adopted) (citations omitted).

---

[1] The deadline to opt out now has passed. The class representatives and Defendants, however, "do not oppose a belated opt-out for the Objector, should he decide to do so and the Court allow it." (Doc. # 110, at 2 n.4.) To date, Dr. Masiowski has not requested to opt out. To the contrary, he has filed an objection to the settlement agreement, a right afforded him as a class member in this suit. (*See* Doc. # 95-1, at 15.)

Dr. Masiowski's objections to the proposed settlement agreement—to the absence of an independent audit and to the scope of the release—will receive full consideration by the court. Dr. Masiowski thus also has the protections of this court. As mandated by Rule 23(e)(2) of Federal Rules of Civil Procedure, the court will not approve the proposed settlement agreement unless it is "fair, reasonable, and adequate" in view of the cited considerations. *See* Fed. R. Civ. P. 23(e)(2)(A)–(D). In short, what Dr. Masiowski seeks to achieve as an intervenor is achieved as an objector. *See Saccoccio v. JP Morgan Chase Bank, N.A.*, No. 13-21107-CIV, 2013 WL 5585230, at *1 (S.D. Fla. Oct. 9, 2013) ("Anything the Movants wish to accomplish as intervenors, they can accomplish as objectors."). Because Dr. Masiowski has the ability to protect his interest as an objecting class member, mandatory intervention is not warranted.

Second, under Rule 24(b), allowing Dr. Masiowski to intervene would unduly delay the potential resolution of this five-year-old case, where years of discovery and negotiations have ensued. It also would be unduly prejudicial to the named Plaintiffs and remaining class members—none of whom have opted out or filed an objection—as well as to Defendants. *See* Fed. R. Civ. P. 24(b)(3).

For the foregoing reasons, it is ORDERED that Dr. Masiowski's motion for leave to intervene (Doc. # 105) is DENIED.

It is further ORDERED that the class representatives' motion to strike (Doc. # 111) Dr. Masiowski's supplemental filing (Doc. # 109) is DENIED. The supplemental filing will be considered as part of Dr. Masiowski's objection to the proposed settlement agreement.

DONE this 6th day of July, 2022.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE
