IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FORWARD MOMENTUM, LLC, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 2:17-CV-346-WKW [WO] |
| TEAM HEALTH, INC., *et al.*, | ) ) | |
| Defendants. | ) | |

# **FINAL APPROVAL ORDER**

On July 28, 2022, the court held a Final Settlement Approval Hearing. Having considered the Settlement Agreement and all papers and arguments related thereto, Class Members' and third-party input, and all submissions to the court, Plaintiffs' Unopposed Motion for Final Approval of Class Settlement (Doc. # 102) is GRANTED, and Plaintiffs' Unopposed Motion for Award of Attorneys' Fees and Expenses (Doc. # 101) is GRANTED.

WHEREAS, a class action is pending in this court entitled *Forward Momentum, LLC, et al. v. Team Health, Inc., et al.*, No. 2:17-cv-00346-WKW;

WHEREAS, the Named Plaintiffs[1] (on behalf of themselves and the

---

[1] The "Named Plaintiffs" are as follows: Forward Momentum, LLC; Argo Consulting, PC; Lisa M. Bundy, MD, LLC; Dr. Steven Bobo; Dr. Raymond J. Maguire; Dr. Landon E. Argo; Dr. Nima Bahraini; Dr. Dawn Donald; Dr. Roger D. Eiland; and Dr. Lisa M. Bundy. References to "Named Plaintiffs" or "Class Representatives" or "Plaintiffs" will refer to this group unless otherwise specified.

Settlement Class) ("Named Plaintiffs" or "Class Representatives") and Settling Defendants (together, the "Parties") have entered into and executed a Settlement Agreement, to fully and finally resolve all of Named Plaintiffs' claims against the Settling Defendants in the Action, subject to approval of this Court;[2]

WHEREAS, unless otherwise defined in this Final Approval Order and Judgment, the terms capitalized herein shall have the same meaning as in the Settlement Agreement;

WHEREAS, in full and final settlement of the claims asserted against them in this Action, the Settling Defendants have agreed to pay $15,032,500.00 (the "Settlement Fund") as set forth in the Settlement Agreement;

WHEREAS, by Order dated March 11, 2022 (Doc. # 97 "Order Preliminarily Approving Settlement"), this court: (1) granted preliminary approval of the settlement, (2) found that the Settlement Class is likely to be certified at final approval, (3) preliminarily approved the Plan of Distribution, (4) set a Final Approval Hearing on July 28, 2022, (5) approved the Notice Plan, (6) appointed the Claims Administrator, (7) appointed the undersigned as Class Counsel, and (8) appointed the Named Plaintiffs as Class Representatives;

---

[2] The "Settlement Agreement" Preliminarily Approved by the Court is Doc. 95-1. The "Action" means the above-captioned lawsuit, which is currently pending in the Court.

WHEREAS, due and adequate Notice has been given to the Settlement Class in satisfaction of the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and Constitutional Due Process;

WHEREAS, the 90-day period provided by the Class Action Fairness Act, 28 U.S.C. § 1715(d), has expired;

WHEREAS, the Court conducted a hearing on July 28, 2022 ("Final Approval Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice against the Settling Defendants; and

WHEREAS, the court has considered the Settlement Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments and objections received regarding the Settlement, and the record in the Action, and good cause appearing therefor,

The court hereby **ORDERS** the following:

## Jurisdiction

1. The court has jurisdiction over the subject matter of this action and personal jurisdiction over the Parties and the members of the Settlement Class described below.

2. This Final Order and Judgment incorporates and makes a part hereof; (a) the Settlement Agreement; (b) the Notice Plan and Claim Form, which were approved by the court on the date of signature below; and (c) the Plan of Distribution, which was approved by the court on the date of signature below.

## Final Approval of Settlement Agreement

3. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the court grants Final Approval of the Settlement agreement in all respects (including, without limitation: the Settlement Fund amount, the releases, the modifications as approved in Doc. # 129, and the dismissal with prejudice of the claims asserted against Settling Defendants in the Action), and finds that the Settlement Agreement is, in all respects, fair, reasonable, and adequate to the Settlement Class. In reaching this conclusion, the court considered the factors set forth in Rule 23(e), as well as the factors set forth in *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). Moreover, the court concludes that:

    a. The Settlement Agreement was fairly and honestly negotiated by counsel with significant experience litigating class actions and is the result of vigorous arm's-length negotiations undertaken in good faith and with assistance of multiple mediators, who are experienced and well-regarded mediators of complex cases;

    b. The Action involves contested issues of law and facts, such that the value of immediate monetary recovery, outweighs the mere possibility of future relief after protracted and expensive litigation;

   c. Success in complex medical, billing, and coding litigation such as this one is inherently uncertain, and there is no guarantee that continued litigation would yield a superior result (particularly given the costs, risks, and delay of trial and appeal); and

   d. There is a substantial basis for Settlement Class Counsel's judgment that the Settlement Agreement is fair, reasonable, and adequate.

  4. The proposed method of distributing relief to the Settlement Class is adequate, including the method of processing Class Member claims.

  5. The Settlement treats Class Members equitably relative to each other when considering the differences in their claims.

  6. The court further grants Final Approval to the Plan of Distribution, which was preliminarily approved by the court on March 11, 2022.  The Plan of Distribution was developed and recommended by experienced Class Counsel.  The Plan of Distribution represents an efficient and equitable means of distributing the Net Settlement Fund to the Settlement Class in a timely fashion, without overly burdening claimants, and treats members of the Settlement Class equitably relative to each other.  In particular, the court finds that the use of the claimants own billing and coding data possessed by Defendants, to create the allocation, is appropriate.  The Plan of Distribution's methodology maximizes both precision and efficiency.

  7. The court further observes that the Settlement Agreement is the product of over five years of litigation, including multiple motions to dismiss,

discovery (including the production and review of tens of thousands of medical coding and billing documentation), depositions, and expert retention, in which the Parties have had ample opportunity to develop and test their claims and defenses.

8. Having considered the record, the court finds that the Settlement Agreement is sufficiently within the range of reasonableness and that Final Approval should be granted. Thus, the terms of the Settlement Agreement are hereby approved, with the modifications outlined in Doc. # 129, including the release contained therein, as being fair, reasonable, and adequate to the Settlement Class.

## **Releases**

9. The Action and all claims contained therein, as well as all of the Released Claims against any of the Releasees by Releasors, are each hereby dismissed with prejudice.

10. While the Settlement Agreement provided for Opt-Outs to be excluded from the Settlement Class, no Settlement Class Member chose to Opt-out.

11. The releases set forth in Section 3 of the Settlement Agreement (including the modifications referenced in Docs. # 128 and 129), together with the Definitions contained in Section 1 of the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The releases are effective as of the Effective Date.

12. Upon the Effective Date the Releasors: (a) shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against any and all of the Releasees, and (b) covenant not to sue any Releasee with respect to any Released Claim, and are permanently barred and enjoined from commencing, maintaining, prosecuting, or causing any action, suit, proceeding, or claim in any court, tribunal administrative agency, regulatory body, arbitrator, or other body in any jurisdiction against any Releasee based in whole or in part upon or arising out of any Released Claim.

13. This Final Order and Judgment shall not affect, in any way, the right of Releasors, to pursue claims, if any, outside the scope of the Released Claims.

14. All persons who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections to the Settlement, including, without limitation, by appeal, collateral attack, or otherwise.

## Certification of the Settlement Class

15. Pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and based on the record before the court, including submissions in support of the Settlement and any objections (since withdrawn) and responses

thereto, the court hereby affirms its forecast in the Preliminary Approval Order and certifies the following Settlement Class for settlement purposes only:

> **Settlement Class:** Emergency room physicians located anywhere in the United States who participated in one of Defendant's operating affiliates RVU incentive plans from 2014 until the physician executed a new contract with a Variable RVU Compensation Plan, whether as an independent contractor or employee, who had Supervisory RVUs associated with the physician's name as a primary or secondary provider, but was not paid for some or all of those RVUs under the relevant RVU incentive plan. "Class Member" or "Class Members" does not include (i) physicians enrolled in "pool plans," "tiered plans," or plans where all RVUs were determined within the "sole discretion" of Defendant (ii) physicians working at facilities where Defendant paid all RVUs, regardless of type, and (iii) physicians enrolled in plans that excluded one or more types of Supervisory RVUs. A list of relevant facilities and contractual dates excluded under subsections (i), (ii), and (iii) is attached as **Exhibit 2 to the Settlement Agreement**. Any physicians who participated in more than one type of RVU incentive plan during the relevant class period shall be part of the class, though such physicians will not be paid on claims for contracts excluded in subsections (i), (ii), and (iii) above, or to the extent they filed similar complaints or claims against Defendant or its affiliated companies.

16.     Excluded from the Settlement Class are (i) physicians enrolled in "pool plans," "tiered plans," or plans where all RUVs were determined within the "sole discretion" of Defendant, (ii) physicians working at facilities where Defendant paid all RVUs regardless of type, and (iii) physicians enrolled in plans that excluded one or more types of Supervisory RVUs. A list of relevant facilities and contractual

dates excluded under subsections (i), (ii), or (iii) is attached as Exhibit 2 to the Settlement Agreement. Also excluded from the Settlement Class are Opt-Outs, although there are none.

17. Solely for purposes of the settlement set forth in the Settlement Agreement, the court affirms that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied for final approval, with particular findings as follows: (a) the members of the Settlement Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Classes and these common questions predominate over any individual questions; (c) the claims of Class Representatives are typical of the claims of the Settlement Class; (d) Class Representatives and Settlement Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the members of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing this Action as a class action.

18.     If the Effective Date does not occur with respect to the Settlement Agreement because of the failure of a condition of the Settlement Agreement, this assessment of the certification of the Settlement Classes shall be deemed null and void, and the Parties shall retain their rights to seek or to object to certification of this litigation as a class action under Rule 23 of the Federal Rules of Civil Procedure or under any other state or federal rule, statute, law or provision thereof, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

## Class Counsel and Class Representatives

19.     Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and solely for settlement purposes, the Co-Lead Counsel's law firms:  (1) D.G. Pantazis, Jr. and Craig Lowell of Wiggins Childs Pantazis Fisher Goldfarb, LLC and (2) Floyd Gaines and Daniel Snyder of Gaines, LLC are appointed as Settlement Class Counsel.  They have fairly and adequately represented the Settlement Class and will continue to do so.

20.     The court appoints the following individuals and entities as Class Representatives, who have fairly and adequately represented the Settlement Class and will continue to do so:

> Forward Momentum, LLC; Argo Consulting, PC; Lisa M. Bundy, MD, LLC; Dr. Steven Bobo; Dr. Raymond J. Maguire; Dr. Landon E. Argo; Dr. Nima Bahraini; Dr.

Dawn Donald; Dr. Roger D. Eiland; and Dr. Lisa M. Bundy.

## Notice and Administration

21. The court finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, have been satisfied.

22. The court finds that the dissemination of Notice: (a) was implemented in accordance with the Notice Plan as previously approved, (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of (i) the pendency of the Action; (ii) the effect of the Settlement Agreement (including the releases to be provided thereunder); (iii) Class Counsel's motion for an award of attorneys' fees; (iv) the right to object to any aspect of the Settlement, the Plan of Distribution, and/or Class Counsel's motion for attorneys' fees; (v) the right to opt out of the Settlement Class; and (vi) the right to appear at the Fairness Hearing; (d) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Settlement; and (e) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause).

23. KCC, LLC ("KCC") has already been appointed as the Claims Administrator, with responsibility for claims administration, the Notice Plan, and all other obligations of the Claims Administrator as set forth in the Settlement

Agreement and Notice and Distribution Plan.  KCC is hereby also appointed as the Settlement Administrator to assist in the implementation of the Plan of Distribution and the resolution of any disputes between Settlement Class Members and the Claims Administrator pursuant to the Plan of Distribution.

24. KCC's fees due to Notice, Claims, and Settlement Administration, as well as all other costs and expenses associated with notice and administration, are to be paid directly from the Settlement Fund.

## Attorneys' Fees

25. Pursuant to Rule 23(h), the court awards Class Counsel the sum of $3,750,000.00 as the Fee Award.  This award is reasonable in light of the circumstances surrounding the prosecution of this action, commiserate with awards in similar cases, and consistent with the 25% benchmark for approval in the Eleventh Circuit.  *See Carroll v. Macy's, Inc.*, No. 2:18-cv-01060-RDP, 2020 U.S. Dist. LEXIS 99033, at *23 (N.D. Ala. June 5, 2020) ("the requested fees are within the 25% 'benchmark' range of percentages recognized by the Eleventh Circuit").  This award shall be paid in accordance with the terms of the Settlement Agreement.

## Objector

26. On May 31, 2022, Dr. Mike Masiowski, through his counsel, Paul S. Rothstein, filed objections to the Settlement Agreement.  Dr. Masiowski appeared at the Final Approval hearing on July 28, 2022, and provided testimony.

27. After the Final Approval hearing, Mr. Rothstein and counsel for the Plaintiffs and Defendants agreed to modify certain terms of the Settlement Agreement as reflected in Doc. # 128 and as approved in Doc. # 129.

28. After the modifications were agreed to, the Objector withdrew his objections. Plaintiffs and Defendants also agreed that they would not object to a request for Attorneys' Fees and Costs on behalf of the Objector's counsel, for his work performed that resulted in the modification of the Settlement Agreement.

29. Because the modifications approved in Doc. # 129 benefit the class, and because the court finds that the objections were made in good faith and withdrawn in good faith after substantial modifications were made to the settlement agreement, the Objector's counsel (Paul S. Rothstein) is hereby awarded $65,000.00 in attorneys' fees and costs, to be paid within fourteen (14) days of Plaintiffs' counsel's receipt of their Attorneys' Fees and Costs. $32,500.00 of this money is to come from the additional monies Defendants have added to the QSF. The other $32,500.00 shall be paid out of the Attorneys' Fees and Costs awarded to Plaintiffs' counsel.

## Modification to Settlement Agreement

30. The court has previously approved modifications to the Settlement Agreement at § 3.1 and § 3.3. *See* Doc. # 129.

31. The approved changes are reflected below in bold and italics:

    a. 3.1. <u>Class Release</u>. . . . Plaintiffs and Class Members further agree to waive any right to demand an independent audit, review, or accounting for RVUs or RVU incentive or compensation plans for RVUs generated before the date of this agreement. *The audit waiver language in this section is not intended to preclude a party from responding to governmental investigation demands; requesting information necessary to respond to or defend against a governmental investigation; complying with court orders in a different proceeding; responding to discovery requests or subpoenas in a different proceeding, or propounding discovery requests or serving a subpoena in a different proceeding; or otherwise using or complying with lawfully issued process.*

    b. 3.3. Plaintiffs acknowledge and agree that none of the Defendant or other Defendant Releasees have any obligation to hire or rehire any Plaintiff as an employee or independent contractor and that Plaintiffs shall have no claim or cause of action against Defendant Releasees or other Defendant for ~~*such decision*~~ *failing or refusing to hire any Plaintiff for any reason related to RVUs, this Litigation, or this Agreement.*

32. The only other modification to the Settlement Agreement approved by the court is Defendants will increase the total QSF to $15,032,500.00.

## **Further Matters**

33. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder and are directed to implement the Settlement Agreement in accordance with its terms once the Settlement Agreement becomes final.

34.     Within the time period set forth in and consistent with the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

35.     In the event the Settlement Agreement does not become final, or is otherwise rescinded or terminated, the Settlement Agreement shall be of no force or effect and any and all parts of the Settlement Fund caused to be deposited in the Escrow Account (other than Notice and Administration Costs reasonably and actually incurred), along with any income accrued thereon, shall be returned to the entities that paid such amounts into the Escrow Account, in proportion to those entities' respective contributions to the Settlement Fund within ten (10) calendar days of rescission, termination, or a court's final determination denying final approval of the Agreement and/or any of the Settlement Class, whichever occurs first.

36.     In the event the Settlement Agreement does not become final, or is otherwise rescinded or terminated, litigation of the Action against Settling Defendants will resume in a reasonable manner to be approved by the Court upon application by the Parties. The Parties expressly reserve all of their rights if this Agreement is rescinded or does not otherwise become final.

37. The Parties expressly reserve all of their rights if this Agreement is rescinded or does not otherwise become final.

38. The court hereby dismisses this action and all claims therein on the merits and with prejudice, without award of any fees or costs to any Party except as provided in this Final Judgment and consistent with the terms of the Settlement Agreement.

39. Pursuant to the All Writs Act, 28 U.S.C. § 1651, the court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

40. Without affecting the finality of this Final Order and Judgment, the court retains jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of its terms and the request of any party and resolution of any disputes that may arise relating in any way to, arising from, the implementation of the Settlement or the implementation of this Final Order and Judgment.

DONE this 2nd day of September, 2022.

                                                /s/   W. Keith Watkins
                                        UNITED STATES DISTRICT JUDGE